RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

**MODIFIED: MARCH 8, 2024; 10:00 A.M.**

**ORDERED PUBLISHED: APRIL 5, 2024; 10:00 A.M.**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0268-MR

ALIZABETH MARTIN                                               APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 19-CI-00271

DOLLAR GENERAL PARTNERS                                        APPELLEE

OPINION
VACATING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE: This is a case arising in tort law alleging negligence involving a slip-and-fall incident. A jury found that the Appellee, Dollar General Partners (Dollar General), was not negligent in causing a slip and fall accident on its premises in which the Appellant, Alizabeth Martin (Martin), was injured. Martin

now appeals from the judgment of the Logan Circuit Court entered upon that verdict.

Martin contends that the trial court erred: by failing to grant her motion for directed verdict; by precluding her from undertaking necessary discovery; and by permitting opposing counsel "to paint [her] counsel as an outsider by making comments during closing argument about him [*sic*] being from Florida." Having carefully considered the trial court's record and the arguments of counsel, we vacate the judgment and remand for further proceedings on the basis of the parties' discovery dispute.

On October 28, 2018, Martin went shopping at the Dollar General Store in Russellville. In the dairy aisle, she slipped on a sticky substance on the floor, fell, and suffered injuries to her back. On September 4, 2019, she filed a complaint in Logan Circuit Court alleging that the negligence of Dollar General caused the accident. Dollar General answered the complaint and denied liability.

The case was called for trial on January 9, 2023. Closing statements were made to the jury on January 11, 2023. Following three-hours' deliberation, the jury returned a verdict in favor of the defense. Pursuant to the court's Instruction #5 (which defined the duty of a business owner to keep its premises reasonably safe), the jury found: that a foreign substance was on the floor of Dollar General's Russellville store; that Martin's slip on the substance was a

substantial factor in causing her fall and injury; and that the foreign substance on the floor rendered the premises not reasonably safe for customers. As a result of this finding, the jury was then directed to consider the court's Instruction #6. This instruction defined Dollar General's burden to show that the foreign substance causing Martin's fall was not placed or caused to be on the floor by any act or omission of its employees and that the foreign substance had not been on the floor for a sufficient length of time, so that, in the exercise of ordinary care, employees should have discovered it and then either removed it or provided an adequate warning to customers. The jury found unanimously that the foreign substance that caused Martin's fall was not placed or caused to be on the floor by the employees of Dollar General and that the substance had not been on the floor for a length of time sufficient for employees to have discovered it and then removed it or warned of the danger. This appeal followed.

On appeal, Martin argues first that she was entitled to a directed verdict because Dollar General failed to meet its burden to show that it did not cause the spill and that the substance had not been on the floor for a sufficient amount of time to discover and remedy it. We disagree.

Martin contends that the verdict indicates that the jury found her testimony entirely credible. Given its responses recorded on the verdict form, the jury was persuaded that Martin slipped on a substance on the floor, fell, and was

injured; and it believed that the floor was not in a reasonably safe condition for customers. Martin argues that under the standard established in *Lanier v. Wal-Mart*, 99 S.W.3d 431 (Ky. 2003), she was entitled to the presumption that the spill was attributable to Dollar General, and where the store failed to rebut the presumption, she was entitled to judgment. She contends that Dollar General failed to rebut the presumption.

In response, Dollar General highlights trial testimony from which the jury was persuaded that its employees did not cause the spill; that the substance had not been on the floor long enough for its employees to address it; and that it did not fail to exercise ordinary care for customer safety. Martin's counsel acknowledged to the jury during his closing argument that there was no evidence to indicate that any of Dollar General's employees had caused the spill.

Dollar General's evidence showed that an employee, Floyd Farmer, had been on his hands and knees in the dairy aisle just before Martin fell and that he saw nothing spilled on the floor. Farmer indicated that if he had seen a spill, he would have cleaned it up. Four store employees testified that they had no notice of the spill and did not see Martin fall. No other evidence concerning the length of time that the substance was on the floor was presented, and the source of the substance was never established.

Ordinarily, the question of whether an employee had sufficient time to discover and remedy a spill is left to the jury. *Johnson v. Wal-Mart Stores E., LP*, 169 F. Supp. 3d 700 (E.D. Ky. 2016) (noting that the reasonableness of leaving a spill unattended for nine minutes and fifteen seconds is wholly dependent on the surrounding circumstances and that, therefore, it cannot be decided as a matter of law). From the evidence presented at trial, the jury was free to infer that the substance was not on the floor when Farmer was in the area and that it had not been there long enough for employees to become aware of it and clean it up before Martin fell. The jury appeared to be persuaded from the testimony of Dollar General's witnesses that it had exercised reasonable care with respect to its premises. Thus, the trial court did not err by concluding that the verdict was supported by sufficient evidence. A new trial is not warranted on this basis; nor was a directed verdict.

However, we are persuaded that the trial court erred in precluding Martin from conducting discovery pursuant to the provisions of CR[1] 30.02(6). Therefore, we agree that the judgment must be vacated and that the matter be remanded for further proceedings.

CR 30.02 provides for the deposition of any person upon oral examination. Where a corporation is the deponent, the deposing party may in his

[1] Kentucky Rules of Civil Procedure.

-5-

notice (and in a subpoena) describe with reasonable particularity the matters upon which the examination is requested. CR 30.02(6). In response, deponent "the corporation" is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and may set forth -- for each person designated -- the matters on which he will testify. *Id.* The designated persons must testify as to matters known or reasonably available to the organization. *Id.* The "reasonable particularity" requirement enables the corporation both to identify appropriate designees and to educate them with respect to the information sought to be discovered. It is intended to be of assistance to the corporation in complying with the notice and subpoena underlying the discovery request.

Shortly after her complaint was filed, Martin requested the examination of Dollar General and provided a comprehensive list of the matters upon which her examination of the corporation could be expected to focus. These topics included: the factual basis for the defenses set forth in the defendant's answer; the actions taken by the defendant to obtain the documents requested through discovery; preparation of the incident report; the nature of the investigation of the incident undertaken by the corporation; the nature of efforts undertaken by the corporation to maintain store premises in a safe condition; the location of all surveillance video cameras on the premises at the time of Martin's

fall; the content and location of all video recordings reviewed in Dollar General's investigation of the incident; the nature of any documents and communications (specifically including any customer complaints) sent or received by the corporation regarding the condition of the floors of the premises; the nature of any documents -- and documents and communications sent or received by the corporation -- regarding Martin's fall and/or injuries; the corporation's policies, procedures, and training with respect to maintaining a safe premises and performing investigations of any reported incidents on the premises; the designee's testimony in other personal injury actions; the corporation's knowledge of industry standards and norms; and the nature of any warnings posted concerning stores' dairy cases.

Dollar General failed to respond. Martin filed a motion requesting the court to order Dollar General to comply with the requirements of CR 30.02(6). In an order entered on November 6, 2020, the court ordered Dollar General "to identify and produce a corporate representative(s) to testify regarding the [identified] topics" in compliance with the rule.

In response, Dollar General designated Alissa Garrison, a district manager, to testify on its behalf. However, Dollar General did not consider or treat Martin's description of "matters upon which the examination is requested" as a means of aiding in its obligation to identify a designee and to prepare that designee

to testify regarding matters known or reasonably available to the corporation. Instead, it took the position that because the deposition had been noticed under the provisions of CR 30.02(6), some special protections had been conferred upon it. While the notice provided for in the rule was by its terms **not intended to limit** what could be asked at the deposition of a corporate representative, Dollar General nonetheless indicated to Martin's counsel that it would file a motion for a protective order unless counsel revised the list of deposition topics.

By way of explanation, Dollar General explained that while it was a party to the action, it had no "first-hand knowledge regarding the subject accident or Ms. Martin's treatment." It noted that it had "already responded to extensive discovery requests" and had "produced four employees and the store manager for deposition." It argued that many of the topics identified by Martin were "unnecessarily duplicative, harassing and unduly burdensome and would serve no legitimate purpose." It also contended that much of the matter identified by Martin for oral examination would not assist the jury and that other information sought was protected by the attorney-client privilege and/or work product doctrine. Finally, counsel characterized Martin's description of the topics to be addressed in the deposition variously as "insufficiently tailored"; "impermissibly broad"; and even "inappropriate as worded." It requested that "a revised list of topics [be] forwarded to us reflecting [the removal of some and close tailoring of others] in

advance of [Garrison's] deposition." Dollar General thus construed Martin's notice as serving to obstruct rather than to facilitate the anticipated discovery.

Martin scheduled the remote deposition testimony of Alissa Garrison for January 28, 2021. When Garrison and counsel appeared for the deposition (but without going on the record), Martin's counsel indicated that the narrow parameters defined by Dollar General upon which the corporate designee was willing to testify were not acceptable and that the deposition was cancelled until such a time as the trial court provided some direction. In response, Dollar General filed a motion for protective order.

In an order entered on March 26, 2021, the trial court granted the motion, ruling that Martin "shall be precluded from taking a CR 30.02 deposition of a corporate representative of [Dollar General]." Martin's witness list provided to the court and counsel included Garrison; however, Martin did not subpoena Garrison for her trial, nor did she attempt to call Garrison as a witness. Martin did not request that any other corporate representative be available to testify at trial.

Our rules of civil procedure provide one limit on discovery of matters not privileged: whether "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." CR 26.02(1). Even if the information sought will be inadmissible at trial, that fact provides no grounds for objection. *Id.* Moreover, CR 26.03 provides that a trial court may issue an order

precluding or limiting a deposition or other discovery -- but only where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

Because of the wide latitude shared by litigants with respect to discovery efforts, entry of a protective order against discovery is proper **only upon proof that it is being undertaken in bad faith**. *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777 (Ky. 1993). We review a trial court's decision to limit discovery for an abuse of discretion. *Richmond Health Facilities-Madison, LP v. Clouse*, 473 S.W.3d 79 (Ky. 2015). We perceive no bad faith here at all -- much less any that would support or substantiate the entry of a protective order.

Dollar General asserted that the matters for which discovery was sought were not stated by Martin "with reasonable particularity"; that they were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; that they were overbroad, unduly burdensome, and vague; and that they sought privileged information. Agreeing with Dollar General, the trial court granted a blanket protective order that absolutely precluded any oral examination of any Dollar General corporate representative.

However, a mere showing that discovery may involve some repetition, inconvenience, and expense is insufficient to establish good cause to limit the discovery sought. Moreover, the attorney-client privilege does not prevent the

-10-

disclosure of facts communicated to an attorney, and the work product doctrine does not prevent the disclosure of facts communicated by an attorney to a client that the attorney obtained from independent sources. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981); *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Dollar General's desire to protect allegedly privileged information could be accomplished by recourse to objecting during the course of the deposition to questions that seek inappropriate information. Finally, we note that the trial court's prohibition was particularly excessive because oral examination of a party provides counsel a unique opportunity in pre-trial practice: a forum for direct and unparalleled interaction between trial counsel and a potential witness and an opportunity to follow up meaningfully to an opponent's responses to inquiries. For this reason, among others, it is not surprising that courts rarely prohibit the taking of an oral deposition altogether. Under the circumstances presented, we are persuaded that the trial court erred in prohibiting entirely the taking of CR 30.02(6) depositions of Dollar General's designee(s). The refusal of the trial court to permit counsel to engage in basic discovery efforts involving a party opponent essentially deprived Martin of a fair trial. Consequently, we must conclude that the trial court abused its discretion by prohibiting oral examination of the defendant.

As an alternative, Dollar General argues that the court's error was harmless and does not merit "disregarding the jury's verdict." We disagree.

Dollar General explains that "in discovery and at trial, Martin was permitted to question Dollar General employees regarding corporate policies and procedures, staffing issues, knowledge of the subject incident, and the video camera recording system." Over Dollar General's objection, Gary Trout, the store's general manager, was asked about corporate's policies and procedures concerning floor inspections, floor maintenance, and floor cleaning. Trout responded that Dollar General's employees are trained to clean spills, recover displaced products, and put things where they belong. He indicated that Farmer was meticulous in his responsibilities, including his duty to clean up any spill. And, again over Dollar General's objection, the trial court permitted Martin to ask Trout whether he knew how Dollar General's corporate office edited the pre-trial discovery. Cristina Lowe, another Dollar General employee and fact-witness, was also asked about Dollar General's video recording practices and testified that the recording device was motion-activated.

Dollar General argues that this information elicited at trial was sufficient and notes that Martin "has not identified any issue she could not explore through the testimony of these witnesses." We are not persuaded that the testimony of fact-witnesses at trial adequately supplanted discovery deposition(s)

of the party defending the action. Nor are we convinced that where the trial court denied the plaintiff an opportunity to depose the defendant, she had to be able to identify with particularity and precision the type of evidence that she hoped to discover in the deposition before relief would have been warranted. Such extreme particularity is not a hallmark of the discovery process. Again, CR 30.02 calls for **reasonable** particularity.

The approach advocated by Dollar General directly undermines the very purposes of discovery. Pre-trial discovery is meant to simplify and clarify the issues in a case before a jury is empaneled. *LaFleur v. Shoney's, Inc.*, 83 S.W.3d 474 (Ky. 2002). Broad-based and orderly discovery also aims to eliminate surprise at trial and helps in a search for truth. *Id.* Again, we can find no basis to uphold the trial court's decision to prohibit the discovery of basic information sought by Martin in deposing Dollar General in this matter.

Therefore, the judgment of the Logan Circuit Court must be vacated and the matter be remanded for further proceedings. In light of our analysis and disposition of the appeal, we need not consider Martin's argument that the court erred by permitting Dollar General's counsel to make prejudicial comments about her counsel during closing arguments. We trust that trial counsel are well aware that the wide latitude they are permitted during closing arguments is not boundless

and that comments aimed at inflaming a jury's prejudice are not appropriate.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Lauren E. Marley
Kelli Lester
Bowling Green, Kentucky

Brenton D. Stanley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jamie Wilhite Dittert
Megan L. Adkins
Lexington, Kentucky